UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

-------------------------------------------------------------x

THEODORE DONNER,　　　　　　　　　　　　　　Court File No.: 4:17-cv-01255

　　　　　Plaintiff,

　-against-

CREDIT COLLECTION SERVICES, INC.

　　　　　Defendant(s).

-------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW the Defendant, Credit Control Services, Inc. d/b/a Credit Collection Services, misidentified in the Petition as Credit Collection Services, Inc. ("CCS"), by and through its counsel, and responds to Plaintiff's Complaint ("Complaint") as follows:

## INTRODUCTION AND JURISDICTION

1. Admitted in part and Denied in part. Admitted that Plaintiff brings an action for damages under the FDCPA. Denied that Plaintiff is entitled to any such relief.

2. The allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 2 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

3. The allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 3 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

4. Admitted in part and denied in part. CCS admits that Plaintiff seeks a jury trial regarding the claims advanced by him against CCS in the Complaint. CCS denies that Plaintiff is entitled to a trial by jury as to CCS in the absence of any viable claims.

## PARTIES

5. CCS lacks knowledge or information sufficient to form a belief as to Plaintiff's residence. As such, the allegation is denied. CCS lacks knowledge or information sufficient to form a belief as to whether any alleged debt arises incurred by the Plaintiff is a consumer, family, or household transaction. As such, the allegation is denied. The remaining allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 5 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

6. CCS admits that, at times, it engages in the practice of collecting debts owed to third parties. CCS denies that it has a principal place of business in Boston, Massachusetts. Further, CCS denies that it has ever referred to itself as Credit Collection Services, Inc. That is a separate corporation that has never been affiliated with CCS. Unless otherwise admitted, the allegations in Paragraph 6 are denied.

7. The allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 7 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

## **FACTS**

8. CCS lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 8. As such, the allegations are denied.

9. CCS has been unable to locate an account in Plaintiff's name with the information provided. As such, the allegations in Paragraph 9 are denied.

10. CCS denies the allegations in Paragraph 10 of the Petition.

11. CCS lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 11. As such, the allegations are denied.

12. CCS denies the allegations in Paragraph 12 of the Petition.

13. CCS denies the allegations in Paragraph 13 of the Petition.

14. The allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 14 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

15. CCS denies the allegations in Paragraph 15 of the Petition.

16. CCS denies the allegations in Paragraph 16 of the Petition.

17. CCS denies the allegations in Paragraph 17 of the Petition.

18. CCS denies the allegations in Paragraph 18 of the Petition.

19. CCS lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 19. As such, the allegations are denied.

20. CCS denies the allegations in Paragraph 20 of the Petition.

21. CCS denies the allegations in Paragraph 21 of the Petition.

22. CCS denies the allegations in Paragraph 22 of the Petition.

23. CCS denies the allegations in Paragraph 23 of the Petition.

24. CCS denies the allegations in Paragraph 24 of the Petition.

25. CCS denies the allegations in Paragraph 25 of the Petition.

## COUNT I: VIOLATION OF THE FDCPA

26. CCS incorporates and re-affirms by reference the above paragraphs.

27. CCS admits that, at times, it engages in the practice of collecting debts owed to third parties. The remaining allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 27 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

28. The allegations in this Paragraph constitute conclusions of law. CCS refers all questions of law to the Court. To the extent any response is required on the part of CCS and, to the extent Paragraph 28 is construed to contain any factual allegation directed toward CCS, such allegation is denied.

29. CCS denies the allegations in Paragraph 29 of the Petition.

## DEMAND FOR JURY TRIAL

Admitted in part and denied in part. CCS admits that Plaintiff seeks a jury trial regarding the claims advanced by him against CCS in the Complaint. CCS denies that Plaintiff is entitled to a trial by jury as to CCS in the absence of any viable claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

One or more of Plaintiff's claims is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (No Intentional or Reckless Conduct)

As a separate, affirmative defense, CCS contends that it did not engage in any conduct that was outrageous, intentional and malicious, or done with reckless disregard with respect to Plaintiff. CCS also alleges that it never engaged in any knowing, willful, or fraudulent conduct with respect to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Bona Fide Error)

As a separate, affirmative defense, assuming arguendo that CCS violated a statute alleged in the Complaint, which presupposition CCS denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## SIXTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

As a separate, affirmative defense, CCS alleges that Plaintiff's claims are, or may be, barred because the claimed injuries or damages were not proximately caused by any acts or omissions of CCS.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate, affirmative defense, the Complaint and each cause of action alleged therein against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## RESERVATION OF RIGHTS

CCS reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, CCS prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712

Dated: April 26, 2017                                    colson@olsonlawpc.com

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on April 26, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)
**OLSON LAW GROUP**